OPINION
{¶ 1} Appellant Mark E. Blake appeals the decision of the Stark County Court of Common Pleas classifying him as a sexual predator. The relevant facts leading to this appeal are as follows.
 {¶ 2} In February 2004, was indicted on two counts of rape, R.C.2907.02(A)(1)(b), both felonies of the first degree. On March 29, 2004, appellant pled guilty to both counts of rape. Appellant was thereafter sentenced to concurrent life terms of incarceration, with no possibility of parole until after ten years. Appellant also appeared with counsel before the trial court for the purpose of a sexual predator classification hearing. The hearing proceeded via a review by the judge of the court file, and the testimony of the investigating officer.
 {¶ 3} The trial court thereafter concluded that appellant was a sexual predator and issued a judgment entry to that effect on April 8, 2004. Appellant filed a notice of appeal on April 27, 2004, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The court erred when it classified appellant as a sexual predator without a record of clear and convincing evidence to support said finding."
 I. {¶ 5} In his sole Assignment of Error, appellant contends the State failed to show clear and convincing evidence warranting a sexual predator classification. We disagree.
 {¶ 6} In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review appellant's Assignment of Error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C.2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 7} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's or delinquent child's age; (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender or delinquent child; (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 8} During the classification hearing, a North Canton police officer testified to details concerning appellant's confession. Appellant had admitted to the officer that he engaged in fellatio with the male child victim on two occasions in April 2003. On the first occasion, appellant, age 34, was looking at pornographic images on a computer, while the victim, then age four, was sitting on his lap. The victim then performed fellatio on him. During the second incident, appellant was watching a pornographic video and masturbating. The victim was sleeping on the same couch, when, according to appellant, he awoke and began to perform fellatio on appellant. Appellant indicated that the victim had been entrusted to his care by the child's mother during these events. Appellant also admitted to performing fellatio on the same victim two years prior to the 2003 incidents, also during a time when he was acting as a caretaker for the child, then two years of age.
 {¶ 9} Appellant points out that he had already begun counseling for his pornography addiction, and attempts to persuade us that there was no evidence as to further likelihood of re-offending (see R.C. 2950.01(E)). Nonetheless, the record in the case sub judice presents a very young rape victim, an adult perpetrator, repeated conduct with a two year gap between the admitted episodes, and a perpetrator attempting to shift the blame for initiation of the contact to a small child. "Generally, if a very young child is molested, age is a strong factor because our society has taboos against sexual contact between adults and young children. Therefore, an adult who violates society's norms by preying upon the young has a deeply-rooted problem and a high statistical potential for recidivism." State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, citing State v. Condron (March 27, 1998), Montgomery App. No. 16430. This Court has also emphasized the inherent gravity of sexual offenses against minors: "The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct." Statev. Jones (July 23, 2001), Stark App. No. 2000CA00350, quoting State v.Maynard (1999), 132 Ohio App.3d 820, 826, 726 N.E.2d 574. See, also,State v. Covill, Stark App. No. 2001CA00074, 2001-Ohio-1679.
 {¶ 10} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 11} Appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.